NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

26-200

IMMACULATE HEART OF MARY PCS, LLC

VERSUS

CORNELIUS DARBY, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 25-C-01927
HONORABLE GREGORY JAMES DOUCET, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of, Shannon J. Gremillion, Candace G. Perret, and Sharon Darville Wilson, Judges.

APPEAL DISMISSED.

**Raven Matthews Miller**
**406 Pere Megret Street**
**Abbeville, LA 70510**
**(337) 251-3036**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Cornelius Darby**
 **Acts of Care, LLC**

**Travis J. Broussard**
**P.O. Box 82238**
**Lafayette, LA 70598**
**(337) 534-4242**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Immaculate Heart of Mary PCS, LLC**

**Gremillion, Judge.**

This mater originated when Petitioner, Immaculate Heart of Mary PCS, LLC, sought injunctive relief against their former employee, Cornelius Darby, and his new employer, Acts of Care, LLC. The trial court below granted a preliminary injunction in favor of Immaculate Heart and against defendants on November 26, 2025. From that decision, Defendants sought the current appeal.

On April 10, 2026, this court issued, *sua sponte*, a rule ordering the defendants to show cause by April 27, 2026, by brief only, why the appeal in the above captioned case should not be dismissed as untimely, citing La.Code Civ.P. art. 3612 and *Broussard v. Ave Maria Rosary & Cenacle, Inc.*, 21-508 (La.App. 3 Cir. 6/1/22), 340 So.3d 1204. Appellant argues that the judgment rendered by the trial court distinguishes this case and places it beyond the strictures of La.Code Civ.P. art. 3612. We disagree. For the reasons given herein, we dismiss the appeal.

The judgment below was entered pursuant to plaintiff's petition for a preliminary injunction and defendants' motions to quash subpoenas and to dissolve a temporary restraining order. The trial court's judgment enjoined Darby from maintaining employment in "a personal care services business" in eighteen parishes for a period of two years from September 15, 2025. The same judgment enjoined Darby from soliciting plaintiff's clients in those same parishes for the same period. Acts of Care, LLC, was enjoined from employing Darby in those parishes for the relevant time frame. Lastly, the trial court granted defendants' motion to quash the subpoenas issued to Darby and Acts of Care.

Appellate courts do not acquire jurisdiction over an appeal that is not timely perfected. *Louka v. "Bd. of Supervisors for Univ. of La. Sy"s.*, 23-76 (La.App. 1 Cir. 9/21/23), 376 So.3d 864, *writ denied*, 23-1410 (La. 1/10/24), 376 So.3d 131. An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that

neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. *Id. See also* La. C.C.P. art. 2087.

Louisiana Code of Civil Procedure article 3612 states, in pertinent part (emphasis ours):

> A. There shall be no appeal from an order relating to a temporary restraining order.
>
> . . . .
>
> C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within *fifteen days from the date of the order or judgment.* The court in its discretion may stay further proceedings until the appeal has been decided.

The judgment appealed in this matter granted preliminary injunctions against Defendants on November 26, 2025. Notice of the judgment was sent the same day. Thus, under La.Code Civ.P. art. 3612, defendants had until December 11, 2025, to file their motion for appeal. However, that motion for appeal was not filed until January 23, 2026, well beyond the allowable time for them to do so. Therefore, this appeal is untimely and we have no jurisdictional power or authority to reverse, revise, or modify that judgment.

In their answer to our rule to show cause, Defendants claim that the judgment at issue dealt with issues beyond the preliminary injunction they challenge in this appeal, and that therefore, the fifteen-day limit discussed above should not apply. However, the specific issue noted by Defendants is the trial court's denial of their motion to dissolve a temporary restraining order. Under the clear provisions of La.Code Civ.P. art. 3612 above, there can be no appeal from the trial court's order relating to a temporary restraining order. The trial court's refusal to dissolve the temporary restraining order was unambiguously an order relating to a temporary restraining order. *See McCown v. McCown*, 93-899 (La.App. 3 Cir. 3/2/94), 634 So.2d 1249. Thus, we

2

have no power to consider on appeal the propriety of a trial court's court judgment refusing to dissolve a temporary restraining order. *Id.*[1] Moreover, the trial court's decisions on a temporary restraining order in no way undermines the clear language of La.Code Civ.P. art. 3612 setting the timeframe to appeal a decision on a preliminary injunction. Defendants' allegation otherwise is devoid of merit.

For the above reasons, this appeal is hereby dismissed. All costs of this appeal are assessed against Cornelius Darby and Acts of Care, LLC.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

[1] Defendants could have challenged that ruling by applying for supervisory writs within fifteen days of the judgment. However, they failed to do so.